# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,   )
         )
  v.      )   ID No. 0910008675
         )
MICHAEL L. WELLS,   )
         )
  Defendant.   )

Date Submitted:  May 29, 2020
Date Decided:   June 3, 2020

## ORDER

Upon consideration of Defendant's Motion for Review of Sentence ("Motion"), State's response thereto, Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1. On August 8, 2010, Defendant pled guilty to Robbery First and Attempted Robbery First Degree.[1] By Order dated August 12, 2013, effective October 12, 2009, Defendant was sentenced as follows: for Robbery First Degree, IN09-10-1188, 25 years at Level V, suspended after 5 years, for 1 year at supervision Level IV Halfway House, hold at Level V until space is available at Level IV Halfway House, followed by 2 years at supervision Level III;[2] and for Attempted

---

[1] D.I. 20.

[2] D.I. 23. While at Level V, Defendant is to successfully complete Key South Program at Sussex Correctional Center. The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 832. The Level V portion of this sentence is served without benefit of any form of early release pursuant to 11 *Del. C.* § 4204(k).

Robbery First Degree, IN09-10-1189, 25 years at Level V, suspended after 5 years, for 2 years at supervision Level III.[3]

2.      On April 22, 2020, Defendant filed the instant Motion, asking the Court to modify his 1 year of Level IV Halfway House (IN09-10-1188) to 1 year at Level III GPS, or to 6 months at Level IV Home Confinement followed by 6 months Level III GPS.[4]  In support of his Motion, Defendant asserts that he is unable to participate in Work Release while at Level IV Halfway House because Work Release facilities are closed as a result of COVID-19.[5]

3.      In response, the State does not object to Defendant's request to modify the Level IV portion of his sentence to Home Confinement if the Department of Correction determines that Defendant's host is appropriate, but, the State does object to modifying the Level III GPS portion of his sentence at this time.[6]

4.      Superior Court Criminal Rule 35 governs motions for modification of sentence.  Under Rule 35(b), "[t]he Court may . . . reduce the . . . the term or conditions of partial confinement or probation, at any time."[7]  Defendant's Motion is not time-barred because he seeks to modify the Level IV portion of his sentence.[8]

---

[3] *Id.* The first 3 years of this sentence is a mandatory term of incarceration pursuant to 11 *Del. C.* § 832.  The Level V portion of this sentence is served without benefit of any form of early release pursuant to 11 *Del. C.* § 4204(k).
[4] D.I. 43.
[5] *Id.*
[6] D.I. 50.
[7] Super. Ct. Crim. R. 35(b).
[8] D.I. 43.

5.      Given the State's response, and because the Court does not know if the Department of Correction will approve Defendant's proposed Home Confinement host, the Court modifies the  Level IV portion of Defendant's sentence in IN09-10-1188 from Halfway House to "DOC Discretion."    All remaining terms and conditions of Defendant's sentence are appropriate for all the reasons stated at the time of sentencing.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion for Review of Sentence is **GRANTED IN PART and DENIED IN PART**.


*Jan R. Jurden*

---

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Michael L. Wells a/k/a Brian Carter (SBI # 0026698)
        Matthew Frawley, DAG
        Annemarie H. Pruit, DAG
        Ross Flockerzie, PDO